IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JUDICIAL WATCH, INC., <br> 425 Third Street SW, Suite 800 <br> Washington, DC  20024, <br><br>                  Plaintiff, <br><br> v. <br><br> U.S. DEPARTMENT OF HEALTH <br> AND HUMAN SERVICES, <br> 200 Independence Avenue SW <br> Washington, DC  20201, <br><br>                  Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. |

## COMPLAINT

Plaintiff Judicial Watch, Inc. brings this action against Defendant U.S. Department of Health and Human Services to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA").  As grounds therefor, Plaintiff alleges as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Plaintiff Judicial Watch, Inc. is a not-for-profit, educational organization incorporated under the laws of the District of Columbia and headquartered at 425 Third Street SW, Suite 800, Washington, DC 20024.  Plaintiff seeks to promote transparency, integrity, and accountability in government and fidelity to the rule of law.  As part of its mission, Plaintiff regularly requests records from federal agencies, analyzes the responses it receives, and

disseminates its findings and the records to the American public to inform them about "what their government is up to."

4. Defendant U.S. Department of Health and Human Services is an agency of the U.S. Government and is headquartered at 200 Independence Avenue SW, Washington, DC 20201. Defendant has possession, custody, and control of records to which Plaintiff seeks access.

## STATEMENT OF FACTS

5. On December 7, 2020, Plaintiff sent a FOIA request to the Centers for Medicare & Medicaid Services (CMS), a component of the U.S. Department of Health and Human Services, requesting copies of the following documents:

> 1. Communications, including emails and text messages, between Division of Nursing Homes Director Evan Shulman and Pennsylvania Secretary of Health Dr. Rachel Levine regarding policies and procedures for nursing facilities during COVID-19. The timeframe of this request is February 18, 2020 to June 1, 2020.
>
> 2. Communications, including emails and text messages, between Quality and Safety Oversight Group Director David Wright and Pennsylvania Secretary of Health Dr. Rachel Levine regarding policies and procedures for nursing facilities during COVID-19. The timeframe of this request is February 18, 2020 to June 1, 2020.
>
> 3. Communications, including emails and text messages, between Division of Nursing Homes Director Evan Shulman and Pennsylvania Deputy for Quality Assurance Susan Coble regarding policies and procedures for nursing facilities during COVID-19. The timeframe of this request is February 18, 2020 to June 1, 2020.
>
> 4. Communications, including emails and text messages, between Quality and Safety Oversight Group Director David Wright and Pennsylvania Deputy for Quality Assurance Susan Coble regarding policies and procedures

      for nursing facilities during COVID-19. The timeframe of this request is February 18, 2020 to June 1, 2020.

    5. Communications, including emails and text messages, between Division of Nursing Homes Director Evan Shulman and New York Department of Health Commissioner Howard Zucker regarding policies and procedures for nursing facilities during COVID-19. The timeframe of this request is February 18, 2020 to June 1, 2020.

    6. Communications, including emails and text messages, between Quality and Safety Oversight Group Director David Wright and New York Department of Health Executive Deputy Commissioner Sally Dreslin regarding policies and procedures for nursing facilities during COVID-19. The timeframe of this request is February 18, 2020 to June 1, 2020.

The request was sent by email to the Centers for Medicare & Medicaid Services FOIA email address, FOIA_Request@cms.hhs.gov.

  6. Defendant acknowledged receipt of the request on December 9, 2020 and assigned the request tracking number 120720207055.  The acknowledgment also invoked FOIA's ten-day extension of time provision, citing unusual circumstances.

  7. As of the date of this Complaint, CMS has failed to: (i) determine whether to comply with the request; (ii) notify Plaintiff of any such determination or the reasons therefor; (iii) advise Plaintiff of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I
**(Violation of FOIA, 5 U.S.C. § 552)**

  8. Plaintiff realleges paragraphs 1 through 7 as if fully stated herein.

  9. Defendant is in violation of FOIA.

10. Plaintiff is being irreparably harmed by Defendant's violation of FOIA, and Plaintiff will continue to be irreparably harmed unless Defendant is compelled to comply with the law.

11. Plaintiff has no adequate remedy at law.

12. To trigger FOIA's administrative exhaustion requirement, Defendant was required to make a final determination on Plaintiff's request by January 25, 2021 at the latest. Because Defendant failed to make a final determination on Plaintiff's request within the time limits set by FOIA, Plaintiff is deemed to have exhausted its administrative appeal remedies.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) order Defendant to conduct a search for any and all records responsive to Plaintiff's FOIA request and demonstrate that it employed search methods reasonably likely to lead to the discovery of records responsive to Plaintiff's FOIA request; (2) order Defendant to produce, by a date certain, any and all non-exempt records responsive to Plaintiff's FOIA request and a *Vaughn* index of any responsive records withheld under claim of exemption; (3) enjoin Defendant from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA request; (4) grant Plaintiff an award of attorneys' fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant Plaintiff such other relief as the Court deems just and proper.

- 5 -

Dated:  March 8, 2021                               Respectfully submitted,

*/s/ Paul J. Orfanedes*
PAUL J. ORFANEDES
D.C. Bar No. 429716
JUDICIAL WATCH, INC.
425 Third Street SW, Suite 800
Washington, DC 20024
Tel:    (202) 646-5172
Fax:    (202) 646-5199
Email: porfanedes@judicialwatch.org

*Attorney for Plaintiff*